# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 959
### CRAWFORD v. HUMPHREY
Ohio Appeals, 9th Dist., Summit Co.

No. 818.   Decided May 26, 1925

147. BILLS AND . NOTES—1. Holder of note must make a presentation to maker before he can hold indorser.

2. Presentment is only excused by circumstances beyond control of holder.

PER CURIAM.

Crawford brought an action for a judgment on a promissory note and foreclosure of a mortgage on certain real estate.   Humphrey was made a party defendant as he held a second mortgage upon the property but no affirmative relief was asked against him in favor of said plaintiff.   After the suit was filed, Humphrey sold the second mortgage and note to one Stouffer, and Stouffer sold said note and mortgage without recourse to the plaintiff before they were due.

As the note became due during the pendency of the foreclosure action, the plaintiff filed a supplemental petition asking for a judgment against the makers, Edward Mirman and wife, but did not ask any relief as against Humphreys.   Afterwards a decree was entered awarding the plaintiff a judgment on both notes against the makers and ordering a foreclosure and sale of the mortgaged property. At the sale the property did not realize enough to pay the first and second mortgage notes in full.

The plaintiff then filed this action in the Common Pleas to recover from Humphrey upon his endorsement upon said note the deficiency which resulted in the failure of the property bringing enough to pay both notes in full. The evidence disclosed that plaintiff did not present the notes to the makers for payment. The plaintiff claimed that ·he was excused from doing so because the notes and mortgage which secured it were in litigation and presentment was not necessary until this was entered.   The Common Pleas. held for the defendant, whereupon plaintiff prosecuted error. In ·affirming the judgment of the lower court, the Court of Appeals held:

1.   Before the holder of a note can hold the endorsers thereon, it is incumbent upon him to make presentment to the makers in the method required by law give notice of dishonor to the endorsers as required by law.

2.   Presentment is excused only when the delay is caused by circumstances beyond the control of the holder and not imputable to his default, misconduct or negligence.

Attorneys—Holloway & Chamberlin, for Crawford; Sheck, Lahrmer, Stevens & Hadley for Humphrey; all of Akron.

No. 960
### PERKINS v. WOLF
Ohio Appeals, 1st Dist., Hamilton Co.

No. 2643.   Decided June 8, 1925

923. PLEADINGS—An affidavit must be filed as a bill of exceptions before it can be received by the Court of Appeals.

HAMILTON, J.

This action arose in the Cincinnati Municipal Court, and grows out of a levy and attachment of certain automobiles.   An order of sale of the automobiles was issued by the Municipal Court.   The sale was made and confirmed.   Prior to the distribution of the funds, Wright Perkins filed an affidavit claiming exemption of the attached property in lieu of homestead.   The Municipal Court denied the exemption, which judgment was affirmed by the Hamilton Common Pleas.

Error was prosecuted, seeking reversal of the judgment of the Common Pleas on the question of the disallowance of the exemption.   The Court of Appeals held:

1.   There is no bill of exceptions filed in these proceedings, and the affidavit in support of the right to the exemption is not made a part of any bill of exceptions.

2.   The court is asked to consider the affidavit as an original paper in the case.

3.   The case of Garner v. State, 23 OS. 192, precludes a consideration of the affidavit, the same not being incorporated as the bill of exceptions.

4.   The affidavit fails to set forth that Perkins is not the owner of homestead so that there is no evidence of the ownership therein.

Judgment affirmed.

Attorneys—C. F. Pieper for Perkins; August Rendigs for Wolf; both of Cincinnati.